## Khourie Brothers v. Sigmund Glaser & Company, et al.

(Decided June 23, 1922.)

### Appeal from Fulton Circuit Court.

Sales—Action for Purchase Price—Warranty of Quality—Fraud.— A retail merchant who receives a consignment of goods from a wholesaler, places them on his shelves and begins to dispose of

them after having had full opportunity to examine the goods, cannot thereafter defend a suit for the purchase price on averments that the goods were not of the quality or kind ordered by him, unless he allege and prove that the wholesaler warranted the quality of goods, or that there was fraud perpetrated by the wholesaler, or the deficiency in the goods was latent and undiscoverable by a reasonable examination.

_ED THOMAS for appellants.

H. T. SMITH for appellees.

Opinion of the Court by Judge Sampson—Affirming.

The appellees, Sigmund Glaser & Company, a wholesale dry goods concern of St. Louis Missouri, sold to Khourie Brothers, a retail firm of Fulton, Kentucky, a bill of spring goods amounting to $669.29, in the fall of 1919, to be delivered in the spring of 1920. The bill having fallen due and being unpaid the appellee company brought suit in the Fulton circuit court to recover the price. The appellant company answered and admitted the purchase of the goods but averred that after they were received and placed on their shelves and part of them had been sold, they discovered for the first time that said goods were old, defective and unsuited for their trade, and not the kind of goods which they had ordered from the appellee company. They further averred that a quantity of the goods amounting to $395.00, were boxed and returned to the plaintiff company. However, they were not received and accepted by that company but were returned to the defendants; that defendants refused to accept said goods and left them in the depot of the railroad company for some time and until an agreement was made with counsel for the plaintiff company whereby the defendants removed the goods from the depot in order to save storage charges, but that said goods were held for the use and benefit of the plaintiff company. For counterclaim the defendants averred that their trade had been injuriously affected and that they lost business to their damage in the sum of $110.00. Issue being joined a trial was had resulting in a verdict in favor of the appellees, Sigmund Glaser & Company, etc., for $669.29, the full amount of their claim, and Khourie Brothers appealed.

Appellants rely upon three grounds for a reversal of the judgment: (1) the court erred in refusing to allow the defendants to file an amended answer, set-off or counterclaim offered; (2) the court erred on the trial of the

action in refusing competent and material evidence offered for the defendants; (3) the error of the court in giving the jury a peremptory instruction to find for the plaintiff, over the objection of appellants. For the purposes of this case we are treating the amended answer, set-off and counterclaim as having been filed. And if it be assumed that all of the evidence which appellants insist should have been received by the trial court had been admitted, and was now before this court, we think the status of appellants would not be different. The only question necessary to be considered is, did the court err in peremptorily directing the jury to find and return a verdict for the plaintiff for the full amount of the goods bought by defendants? We think not. This transaction arises out of trade between merchants in the usual course. No warranty of the goods is alleged nor is this an action for fraud or deceit. In such cases the rule is different. Where, however, a retail merchant buys from a wholesaler, by sample, goods of a certain quality to be shipped in the future and afterwards receives the shipment, opens it, examines or has opportunity to examine the goods, places them on his shelves for sale and begins to dispose of them, he is bound for their price, for such conduct amounts to an acceptance. After he examines the goods or has the opportunity for such examination and places them on sale, he cannot reject the consignment and successfully defend a suit for the price unless there is an allegation and proof of a warranty or fraud. The general rule is stated in 35 Cyc. 229, as follows: "The buyer becomes bound to pay the price and cannot complain if the quality of the goods is inferior if he accepts them after an inspection or an opportunity to inspect, although he fails to make the inspection. In such cases the rule of *caveat emptor* applies with especial force." In support of this text are cited the following Kentucky cases: Jones v. McEwan, 91 Ky. 373; O'Bannon v. Rief, 7 Dana 320; Albin Company v. Table Company, 23 Ky. L. R. 2261; Dinwiddie v. Nash, 27 Ky. L. R. 668. To the same effect is the text in 23 R. C. L., pp. 1439 and 1440. It is the duty of a retail merchant to inspect the goods which he buys by sample as soon as the same are delivered to him, and if he finds the goods defective or that they do not conform to the kind or quality which he purchased, it is his duty to immediately reject them and to notify the wholesale merchant of such rejection. If, however, he fails to do so, but after inspecting the goods or having an

opportunity to do so, he places them on his shelves for sale and begins to dispose of them, he thereby waives his right to reject the goods and becomes firmly bound to pay therefor. The only exception to this rule arises upon a warranty, or fraud of the seller; or where the defect in the goods is latent and undiscoverable by a reasonable examination, no one of which appears here. 23 R. C. L. 1441.

While it appears that appellant, Khourie Brothers, returned a portion of the goods to appellee company, this was done several months after the delivery of the goods and the same had been placed on the shelves of the retailer and offered for sale and after the retailers had sent a letter to the wholesaler acknowledging their indebtednes for the entire bill of goods and begging the indulgence of the wholesale firm on account of the inactive condition of the mercantile business in and around Fulton. It further appears that no notice whatever was given by appellants to appellees of the defective or unsatisfactory condition of the goods before the same were returned nor of the fact that appellants intended to return a part or all of said goods.

Under the facts of this case the peremptory instruction to the jury to find and return a verdict for the plaintiffs, Sigmund Glaser & Company, was not error, and the judgment is affirmed.

Judgment affirmed.