# SADIE WINTERS et al. v. ERNEST FLOYD.—367 S.W. (2d) 288.

Middle Section. October 26, 1962.

Certiorari Denied by Supreme Court May 10, 1963.

Claude Callicott, Burt Francis, Nashville, for plaintiff in error.

Manier, Crouch, White & Herod, Kent Sandidge, III, Nashville, for defendant in error.

HUMPHREYS, J. Plaintiff Sadie Winters sued defendant Ernest Floyd for damages for personal injuries sustained while riding as a guest in defendant's automobile. Plaintiff Ike Winters, Sadie Winters' husband, sued for loss of his wife's services, for medical and hospital bills and expenses, etc.

Defendant filed two pleas in each case, a special plea of accord and satisfaction and a plea of the general issue.

The plea of accord and satisfaction alleged defendant had paid plaintiffs the sum of $150.83 and that plaintiffs had given defendant a release in full accord and satisfaction of the right of action sued on.

Plaintiffs filed four replications.

Plaintiff Sadie Winters' four grounds of replication were (1) a plea of non est factum, based on her illiteracy and misunderstanding of the contents and effect of the release; (2) that the release was a direct result of a

mutual mistake as to the nature and extent of her injuries; (3) and (4) fraud.

Plaintiff Ike Winters' replications were substantially the same as his wife's with the additional averment he was intoxicated at the time he executed the release.

Defendant joined issue on the replications.

Subsequently, defendant made a motion in each case that the issues joined on the pleas of accord and satisfaction and the replications thereto be severed for the purposes of trial. The ground of the motion as stated therein was that the issues thus raised should be decided separately and apart from the other issues in the case since the proof on the issues drawn by the plea of accord and satisfaction and the replications thereto would necessarily entail the parties putting into proof the fact that defendant was insured by a liability insurance carrier, and to permit proof of this character to be considered by the same jury which considered the issues drawn by the general issue plea, would be prejudicial to defendant.

This motion was sustained, and an order entered, "that the issues raised by the defendant's plea of accord and satisfaction and the plaintiff's replications thereto be tried separately, apart from, and prior to the issues raised by the defendant's plea of the general issue." This order was excepted to by plaintiffs.

Thereafter these issues were tried and the jury returned a verdict in favor of defendant in each case, and judgments were entered dismissing the suits.

Plaintiffs moved for a new trial upon six grounds, the sixth ground being that the court had erred in separating the issues and in ordering the separate trial of the issues

raised by the special plea and the replication thereto. When this motion came on for hearing before the Circuit Judge who had conducted the trial of the issues on the special plea and replications, he deferred action until the Circuit Judge who had ordered the separate trial could reconsider his order of separation.

Plaintiffs then moved the court in which the order had been entered to reconsider and to set aside said order. This motion was on the ground the separation of the issues and the order of the separate trial deprived them of their constitutional right to trial by jury, under which they were entitled to have all the issues of fact in their suits tried by the same jury, at the same time, in one trial. And, that said order of severance was also erroneous in that it discriminated against plaintiffs and in favor of defendant.

This motion was overruled, and subsequently the motion for the new trial in its entirety was overruled. Proper exceptions were noted and the case is now before us on appeal in the nature of a writ of error.

There are three assignments of error. The first is, in substance, that the uncontradicted proof establishes as a matter of law that the settlement and release were based upon a mutual mistake of fact such as to void it. The second is with respect to a certain instruction given the trial jury. The third is based on the action of the circuit court of Davidson County in ordering a separate trial on the issues raised by the plea of accord and satisfaction and the replications thereto.

In this opinion we shall consider only the third assignment of error because we think it is good and

that it is such error as requires that the case be reversed and remanded for a new trial.

In our opinion the third assignment of error is good and must be sustained on the authority of Harbison v. Briggs Bros. Paint Mfg. Co., 209 Tenn. 534, 354 S. W. (2d) 464. That case holds it to be a constitutional right of a litigant (Article 1, sec. 6) "to have all the issues of fact submitted to the same jury at the same time;" and not to do so violates the litigant's constitutional right of trial by jury.

This statement is predicated on a prior statement in the same opinion as follows:

"The right of trial by jury, as thus guaranteed by our Constitution, is the right as it existed at common law up to the time of our separation from England and the formation of our Constitution. Garner v. State, 13 Tenn. 160, 176-178; State v. Sexton, 121 Tenn. 35, 41, 114 S. W. 494; Manning v. State, 155 Tenn. 266, 275, 292 S. W. 451." 354 S. W. (2d) 467.

"At the time of the formation of our Constitution, an incident of the right of trial by jury at common law was that the jury, under proper instructions from the judge as to the law, had the right to decide all the issues of fact, to give a general verdict, compounded of law and fact, in favor of one side or the other." 354 S. W. (2d) 468.

In the Harbison case the trial court realized that certain issues compounded of both fact and law were subordinate in order of consideration by the jury to a pure issue of fact. So he submitted this issue to the jury, advising them that if they should find the issue of fact in

favor of plaintiff he would submit for their consideration the mixed issues. But if not, the suit would be dismissed.

The jury took the case without exception to the manner in which it was submitted. After deliberation they reported in favor of the defendant. Since the consideration of the other issues by the jury and action thereon on their part was dependent entirely upon the first issue of fact being found in favor of plaintiff, the trial judge entered judgment dismissing plaintiff's suit.

On appeal this Court held that the trial judge erred in submitting the first issue separately from the other issues, since this was not authorized by T.C.A. sec. 20-1316, but that the error was harmless since the jury having found the determinative issue against the plaintiff, it could only return a finding on the other issues against the plaintiff.

Upon a wealth of authority which clearly establishes the right of a jury at common law to return a general verdict contrary to the instructions of the trial court, our Supreme Court held that it is the right of every litigant, under our Constitution, "to have all the issues of fact submitted to the same jury at the same time."

Clearly, under this holding of our Supreme Court, the separation of the fact issues joined, and the submission of certain of these fact issues for trial by one jury and the reservation of the remainder of the issues for trial by another jury violated the constitutional rights of plaintiffs, as defined and set forth in Harbison v. Briggs Bros. Paint Mfg. Co., supra.

The defendant argues that the trial court should be sustained because it took that course of action most likely

to result in an impartial trial. Even if this were the case, and we do not think it is, the action taken was in derogation of the constitutional rights of the defendant to have all of the issues joined in their lawsuit submitted to the same jury, and this was harmful error.

Defendant has cited Bible v. Palmer, 95 Tenn. 393, 32 S. W. 249; State ex rel. Timothy et al. v. Howse, 134 Tenn. 67, 183 S. W. 510, L.R.A.1916D, 1090; Tyson v. Netherton, 53 Tenn. 19; Tennessee Procedure in Law Cases (Higgins & Crownover) secs. 845-847.

These cases and authorities refer to the right of the trial court, in its discretion, to sever causes of action. This, of course, may be done. But that power is not involved here. Although the motion was for a severance, and the action of the court has been referred to as a severance, it was not a severance at all, but a separation of certain fact issues for trial. The now settled constitutional right of a litigant to have all of the issues, as distinguished from all of the causes of action, tried at the same time by the same jury cannot be thwarted or impaired by the power of severance of distinct causes of action.

In this connection it should be mentioned that, absent the constitutional right, the general rule is that an issue of fraud, mistake, or other matter affecting the validity of a release may be tried either separately, or together with the other issues in the case, in the discretion of the court. 88 C.J.S. Trial sec. 9e, p. 36.

But, though this be the majority rule, we doubt that it serves the end of efficiency in judicial administration or that it results in any greater impartiality on the part of the jury.

With respect to efficiency in administration of judicial business, this could be reduced. Because the establishment of discretionary right to a separate trial on all of the separable issues could multiply the suits to be tried in already overcrowded courts if in the name of impartiality the discretion is to be exercised in favor of the right.

To illustrate: If impartiality demands that the issues on a release be tried separately to avoid the probability of the fact of liability insurance prejudicing the result of the trial, it necessarily follows that a defendant in a tort action whose liability depends upon the doctrine of respondeat superior is entitled to a separate trial on this issue so that it may be investigated free from any prejudicing and sympathy-arousing evidence with respect to the plaintiff's injuries. Likewise, the defendant in a guest negligence suit, on the same grounds, would be entitled to a separate trial on the issue whether the plaintiff was a guest or a trespasser. So the jury might not hear the evidence as to injuries. In a case in which the injuries were very serious, and the plight of the plaintiff such as to arouse sympathy, in the name of this same kind of impartiality a defendant would be entitled to a separate trial of the issues of liability and the issues of damages. And, so on. Every time the separated issues were found in favor of the plaintiff, two trials over much of the same ground would result. The end result could very well be against efficiency in the administration of judicial business.

Nor, do we think the hope for impartiality warrants the separation of issues for trial. Take the present case. The trial of the separate issue of accord and satisfaction was ordered upon the idea that this would keep the jury

from knowing the defendant was insured against liability and that this would result in a fairer trial. So, the plaintiff, her counsel, and her witnesses, were put to the expense and inconvenience of attending court and introducing evidence, much of it the same evidence that would have been introduced had all the issues been tried together. Additionally, the courts were put to the expense and trouble of assembling a jury and providing a trial judge. While, all the time every juror presumptively knew that Tennessee has a law which practically makes liability insurance compulsory. By advising the counsel of the parties in advance of the trial that reference to the insurance capacity in which the agent acted on behalf of defendant in getting the release would result in a mistrial —the subject of insurance could have been kept out of the trial and the possibility of two trials avoided.

The legal presumption is that jurors will do their duty according to their oaths. The common experience is that this is true or the jury system would have long since been abolished. In those rare instances where the jury fails to do its duty, the judge as the thirteenth juror can act. Where he does not and the error is harmful, this Court will.

We sustain the third assignment of error and remand the case to the Circuit Court of Davidson County for a new trial. The costs are adjudged against defendant in error, Ernest Floyd and his sureties.

Shriver and Chattin, JJ., concur.