**Willis Johnson MOSS**

v.

**ASSOCIATED TRANSPORT, INC.**

**Civ. A. No. 3662.**

United States District Court
E. D. Tennessee, S. D.

May 15, 1963.

Mayfield & Mayfield, Cleveland, Tenn., Berke & Berke, Chattanooga, Tenn., for plaintiff.

Spears, Moore, Rebman & Williams, Chattanooga, Tenn., for defendant.

FRANK W. WILSON, District Judge.

This case is before the Court upon the motion of the plaintiff for a new trial. A brief history of the lawsuit will be in order before taking up the motion. This case is one of four lawsuits filed in this court which all arose out of the same motor vehicle accident. The accident involved a collision between two tractor-trailers. In addition to the property damage claims, the four lawsuits involved two wrongful death claims for the deaths of the two occupants of one truck and two personal injury claims for personal injuries sustained by the two occupants of the other truck. A joint pre-trial was held in all four cases, and a statement of the claims, defenses and counter-claims of the respective parties is summarized in the pre-trial order. At the time of the pre-trial the Court ordered that the four cases should be consolidated for trial. The Court likewise then ordered that the issue of liability in each case be tried first and separate from the issue of damages with the trial of the issue of damages to follow immediately upon conclusion of the trial upon the issue of liability and before the same jury. The consolidated trial of the cases began upon December 10, 1962 and continued from day to day thereafter. Upon December 19, 1962 the case was submitted to the jury upon the issue of liability upon a general verdict and upon a number of interrogatories. Upon December 20, 1962 the jury returned a general verdict in each case and responded to each interrogatory to which a response was appropriate. The general verdict and special interrogatories were in all respects consistent. In the case of Moss v. Associated Transport, Inc. et al, 3662, the general verdict upon the issue of liability was against the plaintiff, Moss, and for the defendant, Associated Transport, Inc. Immediately upon completion of the trial upon the issue of liability, the trial was resumed before the same jury upon the issue of damages in the cases in which a general verdict for the plaintiff had been returned, but the trial was terminated by the announcement of the parties that a settlement had been reached upon the issue of damages in those cases.

The plaintiff herein asserts a number of errors upon which it is claimed that a new trial should be ordered. A number of the grounds are based upon a lack of evidence to support the verdict. The principal contention of the plaintiff in this respect is that the Court erred in permitting the testimony of the witness, Ray Stannard Baker, who testified as an expert witness in the field of accident reconstruction. Mr. Baker, the Director of the Northwestern University Traffic Institute, was examined fully as to his qualifications in the field of accident reconstruction and upon the laws of dynamics and motion. He testified to the matching of damaged parts upon the two vehicles involved in this accident and demonstrated his testimony in this regard from photographs and from parts of the vehicles made exhibits in the case. On the basis of physical evidence, damage to the vehicles, direction of travel of the vehicles prior to the accident, debris, markings upon the road and positions of the vehicles after the accident, all matters upon which evidence was in the record, witness Baker was permitted to testify with regard to his opinion that the vehicle in which the plaintiff was riding was in a jack-knife position at the time of impact in that the right rear drive wheel of the tractor collided with the bumper of the other vehicle.

 The Court is of the opinion that the witness Baker was duly qualified to testify as an expert witness in the field in which he was permitted to testify. Both upon general principles of law governing the admissibility of expert testimony and upon more specific legal precedent, expert testimony based upon the laws of motion and dynamics is admissible for the purpose of assisting the jury in establishing the relative position

of the vehicles at the time of impact and in reconstructing the accident. Talley v. Mitchell, 275 F.2d 244 (C.C.A.6, 1960); 5A Am.Jur., Automobiles and Highway Traffic, Sections 991 and 998; 20 Am.Jur., Evidence, Section 806. See also annotation, Opinion Evidence—Point of Collision, 66 A.L.R.2d 1048; annotation, Automobiles, Place of Impact—Proof, 77 A.L.R.2d 580 at 605. It is the opinion of the Court that the first, second and thirteenth grounds of the plaintiff's motion relating to the sufficiency of the evidence should be overruled.

■■ Other grounds in the plaintiff's motion complain of the action of the Court in consolidating this case for trial with three other cases arising out of the same motor vehicle accident. Consolidation of the cases for trial was ordered in accordance with Rule 42(a), Federal Rules of Civil Procedure. Since these lawsuits all arose out of the same accident and involved common questions of both law and fact, the Court deemed it appropriate that they should be consolidated for trial. The consolidation of the cases for trial where they arise out of the same collision is well recognized to be within the sound discretion of the Court. Moore's Federal Practice, Vol. 5, Sec. 42.02, p. 1206; Barron & Holtzoff, Federal Practice and Procedure, Vol. 2B, Sec. 942. The Court is unable to see where the plaintiff was in any way prevented from presenting his case upon the facts and the law fully and fairly upon the consolidated trial. It is the opinion of the Court that the plaintiff's motion must be overruled with respect to grounds three, eight and nine which assert error on the ground of consolidation.

■ It is next contended by the plaintiff that error was committed by the Court in ordering a separate trial upon the issue of liability prior to the trial of the issue of damages. A trial of the issue of liability prior to the trial of the issue of damages was ordered by the Court in accordance with Rule 42(b), Federal Rules of Civil Procedure. It is quite apparent from the statement of the case in the pre-trial order and from the number and identity of witnesses therein listed that a separate trial of the issue of liability would lead to a more orderly and intelligent presentation of the issues to the jury, would avoid the confusion of issues incident to a protracted trial, and would avoid the time and expense incident to the introduction of evidence upon damages which might never be any issue in the case. The trial on the issue of liability required nine trial days. A considerable amount of additional time and a large expense to the parties would have been required to present the medical proof and proof of damages in all cases and yet it was inevitable but that damages could at most be an issue in some of the cases only and not in all of the cases, depending on how the issue of liability was decided. The Court feels that the wisdom of both consolidating the cases for trial and of separating the issues for trial was indicated not only by the status of the cases and the contentions of the parties as they appeared at the time of the pre-trial, but also was borne out by the results of the trial. By reason of consolidation there was a thorough, full, and careful trial on the issue of liability that would have been both extremely expensive and time consuming to the parties, witnesses, counsel, jurors, and Court had it been necessary for the evidence to have been repeated in separate trials. By reason of the separate trial of the issues, not only was the job of the jury rendered more intelligible, but the time and expense of producing many witnesses whose testimony would have related only to the issue of damages in cases that ultimately were not for trial on damages was avoided. The fact that a settlement of the damage issue was effected and no trial of this issue was required in the cases in which damages remained an issue is further indication of the appropriateness of the Court having exercised its discretion in favor of a separate trial of the issue of liability.

**338**

■ Express provision both for the consolidation of cases and for the separate trial of the issues is made in Rule 42(a) and (b), Federal Rules of Civil Procedure. The ordering of a separate trial of the issues is within the sound discretion of the Court. Chicago R. I. & P. R. Co. v. Williams (C.A.8, 1957), 245 F.2d 397; Bowie v. Sorrell (C.A.4, 1953), 209 F.2d 49, 43 A.L.R.2d 781; Collins v. Metro-Goldwyn Pictures Corp. (C.A.2, 1939), 106 F.2d 83.

As stated in Moore's Federal Practice, Vol. 5, Sec. 42.03:

> "Separate trial may properly be ordered on the issue of the defendant's liability to respond in damages, particularly where plaintiff's proof of damages would involve the testimony of a large number of persons. This procedure has been privately recommended by a number of members of the judiciary as a means of expediting trials and of saving time and expense. We have found no reason why this procedure, which is authorized by Rule 42(b), should not be extensively employed."

■ It is within the discretion of the Court to order a separate trial upon its own motion. Huffmaster v. United States, D.C., 186 F.Supp. 120. The precedent of ordering a separate trial on the issue of liability in tort actions has been established in a number of cases where the issues are sufficiently distinct so as to permit a separate trial without injustice. O'Donnell v. Watson Bros. Transportation Co., D.C., 183 F.Supp. 577; Rickenbacher Transportation v. Pennsylvania Railroad Co., D.C., 3 F.R.D. 202; Hosie v. Chicago & Northwestern Railroad Co., C.A.7, 282 F.2d 639, certiorari denied 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693; Nettles v. General Accident, Fire & L. Assurance Corp., C.A.5, 234 F.2d 243. See also annotation: Separate Trial of Issue of Liability and Damages in Tort, 85 A.L.R.2d 9. It is contended here by the plaintiff that the issues of liability and damages were not so separated as to permit a separate trial without injustice in that proof of injuries was necessary to explain the failure to put the plaintiff Moss on the witness stand on the issue of liability. However, the mental impairment and total disability of the plaintiff was for all practical purposes stipulated by the parties, as it was stated as a fact both in the opening statement and in the argument and never disputed. A casual observance of the plaintiff, who was present before the jury throughout the trial made that fact apparent. Moreover, the failure to use the plaintiff as a witness as well as the failure to introduce any medical testimony as to his lack of memory and disability in this respect was a matter of choice of the plaintiff. No proof of injuries that might in any way relate to or bear upon the issue of liability was offered and none was ever excluded by the Court.

In this connection the plaintiff cites and relies upon the case of United Air Lines, Inc. v. Wiener (C.A.9, 1961), 286 F.2d 302, as presenting an analogous case in which the Court of Appeals held that a separate trial upon the issue of liability was in error. This case arose out of a mid-air collision between airplanes belonging to United Air Lines, Inc. and the United States respectively. Twenty-three cases were consolidated for trial on the issue of liability only. It is apparent that the particular circumstances of that case dictated the opinion of the Appellate Court that a separate trial of issues was not in order. In the first place, the trial of damages was not to be conducted before the same jury that tried the issue of liability. In the second place, punitive damages were sought in some cases and not in others, resulting in a difference in issues. In the third place, the Court found as a fact that the question of damages was so interwoven with that of liability as to deny a fair trial in the event of separation.

The plaintiff places some emphasis upon the contention that under the allegations in its complaint it might have been

entitled to punitive damages. In this respect it should be noted that the plaintiff originally sued for $500,000 compensatory damages and $100,000 exemplary damages. Shortly before the trial the plaintiff moved to amend its complaint to eliminate any claim for punitive damages and to increase the claim for compensatory damages to $800,000. This amendment was allowed by the Court.

The plaintiff's principal contention with regard to the Court having been in error in separating the trial of the issues is that irrespective of Rule 42(b), the Court is bound by the holding in the Tennessee case of Harbison v. Briggs Bros. Paint Manufacturing Co., 209 Tenn. 534, 354 S.W.2d 464. The Court there, in reversing the trial court for having submitted the case to the jury upon one interrogatory only relating to the issue of liability, among other matters stated:

> "Another fallacy is that this reasoning overlooks the fact that plaintiff had a constitutional right to have all the issues of fact submitted to the same jury at the same time * *."

The above language was not necessary to a decision in the case, but appears to have been inserted to buttress the holding of the Court already reached upon other grounds. If the statement is a correct statement of Tennessee law, it overrules, without saying so, a long line of Tennessee cases in which appellate courts have remanded cases for jury trial upon less than all issues. Troxel v. Jones, 45 Tenn.App. 264, 322 S.W.2d 251; Gulf Refining Co. v. Frazier, 19 Tenn.App. 76, 83 S.W.2d 285; Perkins v. Brown, 132 Tenn. 294, 177 S.W. 1158, L.R.A.1915F, 723; Newberry v. Hamblen County, 157 Tenn. 491, 9 S.W.2d 700. The soundness of the decision is further placed in question by a vigorous and well reasoned dissent.

■ Aside from the holding of the Court in the Harbison case, that case would not in any event be binding upon the federal courts in the matter of separate trial of the issues. This is a matter of procedural law, governed by the federal rules and by federal law, not by state law. Lumbermens Mutual Casualty Co. v. Bell (C.A.5, 1961), 289 F.2d 124. It has been held upon sound ground that the seventh amendment is not violated by the separate submission of issues to a single jury. Hosie v. Chicago & N. W. R. Co. (C.A.7, 1960), 282 F.2d 639, 642–643, certiorari denied 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693; noted 1961 74 Harvard L.Rev. 781.

Having carefully considered each of the grounds of the plaintiff's motion for a new trial and being satisfied that a full, fair and impartial trial by jury was accorded unto the plaintiff, the Court is of the opinion that each ground of the motion should be overruled. An order will enter accordingly.

### ON MOTION TO REHEAR

The plaintiff has filed a motion seeking a reconsideration of the Court's action overruling the plaintiff's motion for new trial and in particular the Court's action in overruling the ground in the plaintiff's motion alleging that error was committed by the Court having ordered a trial of the issue of liability separate from and prior to the trial of the issue of damages. The plaintiff's motion is based upon the recent case of Winters v. Floyd, Tenn.App., 367 S.W.2d 288, wherein the Tennessee Court of Appeals held that the action of a trial court in ordering a separate trial of a plea of accord and satisfaction in a tort action was error. The decision of the Court was expressly based upon the case of Harbison v. Briggs Bros. Paint Manufacturing Co., 209 Tenn. 534, 354 S.W.2d 464, which case in turn was fully considered and discussed in the former opinion of the Court in this case. For the reasons stated in the former opinion the Court remains of the opinion that neither the Winters case nor the Harbison case could operate to overrule and invalidate in the federal courts of this state Rule 42(b), Federal Rules of Civil Procedure, 28 U.S.C.

The motion to reconsider will be overruled. An order will enter in accordance with the former opinion of the Court overruling the plaintiff's motion for a new trial and in accordance with this opinion.