**Willis Johnson MOSS, Plaintiff-Appellant,**

v.

**ASSOCIATED TRANSPORT, INC.,**
**Defendant-Appellee,**

v.

**C. L. YOUNG, Howard Hogsed, Hiawassee Feed Store, Inc., and Young's Egg Service, Inc., Third-Party Defendants-Appellees.**

**No. 15634.**

United States Court of Appeals
Sixth Circuit.

April 6, 1965.

**24**

Marvin B. Berke, Chattanooga, Tenn. (Berke & Berke, Chattanooga, Tenn., and Mayfield & Mayfield, Cleveland, Tenn., on the brief), for Willis Johnson Moss.

Alvin O. Moore, Chattanooga, Tenn. (Silas Williams, Jr., E. Blake Moore, Chattanooga, Tenn., on the brief; Spears, Moore, Rebman & Williams, Chattanooga, Tenn., of counsel), for Associated Transport, Inc.

Louis C. Harris, Chattanooga, Tenn. (Moon, Harris & Dineen, Chattanooga, Tenn., on the brief), for C. L. Young, and others.

Before WEICK, Chief Judge, and O'SULLIVAN and PHILLIPS, Circuit Judges.

O'SULLIVAN, Circuit Judge.

The question for decision is whether in the jury trial of four consolidated diversity actions involving conflicting claims for death, personal injury and property damage arising out of a highway collision between two tractor-trailer combinations, the District Judge committed reversible error in separating the issues of liability for trial prior to the issues of damages. Separation of issues is authorized by Rule 42(b) F.R.Civ.P. which provides that "[t]he court in furtherance of convenience * * * may order a separate trial of * * * any separate issue or of any number of * * issues."

Appellant, Willis Johnson Moss, was riding as a passenger in a tractor-trailer truck and was seriously and permanently injured when that vehicle collided with another tractor-trailer combination owned by appellee, Associated Transport, Inc., and being operated by its empolyee. The collision occurred in the nighttime bad weather of January 5, 1960. The driver of the Associated Transport vehicle and his only companion were both killed. The driver of the vehicle in which appellant Moss was a passenger, one Howard Hogsed, was also injured. Both vehicles were damaged.

In due season the widows of the driver and the occupant of the Associated Transport vehicle, Ruby Freshwater and Betty Brooks, brought wrongful death actions against the driver of the Moss vehicle, against the separate owners of the tractor and trailer making up the Moss vehicle, and against the driver's employer, viz.: C. L. Young, Hiawassee Feed Store, and Young's Egg Service, Inc. Associated Transport brought an action against the same four defendants for damage to its vehicles, and in such

action Hogsed, Young and Hiawassee each counterclaimed against Associated, asserting that the collision had been caused by the negligence of Associated's driver. After the above three actions had been pending for some months, appellant brought the action here involved against Associated Transport for his personal injuries. By a pretrial order, and on his own motion, the District Judge consolidated all of the above litigation and, against appellant Moss' objection, directed that the jury should first try the issue of liability. Although the order is not specific on the point, it was evidently the judge's intention that the same jury would assess damages after it had resolved the liability issues.

By its general verdict and its answers to interrogatories, the jury found that the proximate causes of the collision were the negligent operation of the Moss vehicle by its driver and the gross negligence of its owners and those responsible for its operation in allowing it to be driven with defective brakes. The jury exonerated the driver of the Associated vehicle of any negligence "proximately causing or contributing to the accident." Accordingly it found for Associated and for the widows of its employees on the issue of liability and against appellant upon the same issue. The same jury which had given its verdict on liability returned to the box to consider the matter of damages, but before any testimony was offered in this regard the parties arrived at a settlement and judgments were entered on the agreement of the parties, awarding $75,000 to each of the plaintiff widows and $10,000 to Associated Transport. On January 4, 1963, a judgment of no cause of action was entered against Moss in accordance with the jury verdict.

On May 15, 1963, the District Judge filed an opinion denying Moss' motion for a new trial, which had asserted error in consolidation of the several cases for trial and in separation of the liability and damage issues. Moss v. Associated Transport, Inc., 33 F.R.D. 335 (E.D. Tenn.). This appeal challenging the propriety of the separation of issues followed.

1) *The general rule.*

There are not a few who question the wisdom of employing Rule 42(b) to divide personal injury damage actions into separate trials of the liability and damage issues, whether submitted seriatim to the same jury or to different juries. Some look upon the practice as but another procedural "gimmick" designed to assist current judicial efforts to mass produce dispositions of pending cases, but which merely multiplies the burdens of litigation. They feel that the occasional good it produces is greatly outweighed by the danger of unfairness being visited upon litigants who from right motives prefer to try their suits in the traditional fashion.

However, whatever academic disagreement there may be on the point, it seems now to be established that under Rule 42(b) a trial judge has the right within his discretion to do what was done here. Fidelity & Cas. Co. v. Mills, 319 F.2d 63 (C.A. 5, 1963); Rossano v. Blue Plate Foods, Inc., 314 F.2d 174 (C.A.5, 1963), cert. denied, 375 U.S. 866, 84 S.Ct. 139, 11 L.Ed. 93 (1963); Hosie v. Chicago & N.W. Ry., 282 F.2d 639 (C.A. 7, 1960), cert. denied, 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961); Chicago, R. I. & P. R. R. v. Williams, 245 F.2d 397 (C.A.8, 1957), cert. denied, 355 U.S. 855, 78 S.Ct. 83, 2 L.Ed.2d 63 (1957); Nettles v. General Acc. Fire & Life Assur. Corp., 234 F.2d 243 (C.A.5, 1956); Bowie v. Sorrell, 209 F.2d 49 (C.A.4, 1953); 5 Moore, Federal Practice ¶ 42.03 (2d ed. 1964); 9 Cyclopedia of Fed.Proc. § 31.04 (3d ed. 1951); Annot., 85 A.L.R.2d 9 (1962).

In support of his claim of prejudice, appellant asserts that because the separation prevented him from showing the severity of his own injuries, he was denied a weapon with which to combat the natural sympathy that a jury would feel for the two plaintiff widows who had, in effect, been made Moss' opponents by the consolidation. Without a record con-

taining the proofs on the point, we have no basis for speculating whether the issue of liability was so close that sympathy for the widows might have tipped the scales in their favor. The material before us, however, does disclose that the appellant Moss was present in the courtroom and there is no challenge to the District Judge's statement that "the mental impairment and total disability of the plaintiff was for all practical purposes stipulated by the parties, as it was stated as a fact both in the opening statement and in the argument and never disputed." The extent of his injuries could also have been established in explanation of the failure to put him on the stand to testify on the issue of liability. From our review of all the material made available to us, we cannot say the District Judge's discretion was abused by his order of separation.

■■ Emulating the caution exhibited by the Seventh Circuit in Hosie v. Chicago & N.W. Ry., supra, we emphasize that we do not have before us a case where the issues of liability and damages were to be separately tried before different juries. We hold only that upon the record before us and upon the assumption that the order of separation contemplated that the separated issues would be submitted to the same jury, we find no abuse of discretion. We add the caveat expressed in Frasier v. Twentieth Century-Fox Film Corp., 119 F.Supp. 495, 497 (D.Neb.1954) that separation of issues "should be resorted to only in the exercise of informed discretion and in a case and at a juncture which move the court to conclude that such action will really further convenience or avoid prejudice" and observe further that "[a] paramount consideration at all times in the administration of justice is a fair and impartial trial to all litigants. Considerations of economy of time, money and convenience of witnesses must yield thereto." Baker v. Waterman S.S. Corp., 11 F.R.D. 440, 441 (S.D.N.Y.1951).

2) *Federal or state law.*

A more substantial question is presented by appellant's claim that Tennessee constitutional law applied to forbid the involved separation of issues.

In the first case relied upon, Harbison v. Briggs Bros. Paint Mfg. Co., 209 Tenn. 534, 354 S.W.2d 464 (1962), the Tennessee Supreme Court found deprivation of the constitutional right to trial by jury where, after evidence had been taken on all issues, the trial judge submitted one interrogatory to the jury seeking prior determination of only one particular issue. While this situation could be easily distinguished from a separation of issues prior to trial, the court formulated its ruling in the following language: "plaintiff had a constitutional right to have all the issues of fact submitted to the same jury at the same time." 209 Tenn. 550, 354 S.W.2d 471. This language was read by the Court of Appeals in the second case relied upon, Winters v. Floyd, 51 Tenn.App. 298, 367 S.W.2d 288 (1962), as establishing the unconstitutionality of a procedure separating for prior trial the issue of the validity of a release urged in defense against a personal injury action. The court went on to compare the case under consideration to the probable claim by some other defendant that the issue of liability should be separated from the issue of damages, and apparently rejected such a separation along with the one actually before it. While this case too might be distinguished, this time on the ground that the Tennessee court assumed a separate jury was contemplated for trial of the underlying cause, there is no indication that it relied upon this assumption. The District Court in the present case questioned the soundness of the Harbison decision, but when confronted with the newly published Winters decision on the motion for rehearing it relied upon its earlier determination that Tennessee law could in no event be controlling in a federal diversity action. 33 F.R.D. 339. Without attempting to define the exact limits of the Tennessee rule, we will assume that Tennessee law,

if controlling, would require reversal. At the same time, we find no ground for questioning the present separation of issues under the Seventh Amendment, since Moss was not deprived of a jury trial of any of the issues involved. The problem then is whether Tennessee law should be applied in the present diversity litigation.

 Rule 42(b) under which the challenged separation of issues was ordered, was adopted pursuant to the Rules Enabling Act, 28 U.S.C.A. § 2072, as a regulation of the "practice and procedure" of district courts in diversity as well as other cases. Procedural labels, of course, do not foreclose inquiry into the possible "substantive" impact of a federal rule on a particular situation within the meaning of the rule requiring deference to state law announced in Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and subsequent cases. But we feel that the importance of maintaining uniform procedure in federal trials calls for a clear showing of possible substantive impact before departing from the federal rules. E. g., 1A Moore, Federal Practice ¶0.317 [8] (2d ed. 1961); compare Byrd v. Blue Ridge Rural Elec. Co-op., 356 U.S. 525, 537–39, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); Monarch Ins. Co. v. Spach, 281 F.2d 401 (C.A. 5, 1960).

Plaintiff relies for the required showing of "substantive" impact on Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) and our decision in Tracy v. Finn Equip. Co., 290 F.2d 498 (C.A. 6, 1961), cert. denied, 368 U.S. 826, 82 S.Ct. 47, 7 L.Ed.2d 30 (1961). He asserts that the involved separation of issues permitted an outcome different than would have been the case had his case been tried in a Tennessee court. We believe it would be unjustified to assume that there would have been a different outcome on the question of liability had it been submitted to the jury along with evidence of plaintiff's injuries.

Guaranty Trust Co. v. York, supra, dealt with a situation where an action

would or would not be barred by limitations depending on whether state or federal law controlled. In Finn Equipment, it was not disputed that a jury's verdict was valid under a Tennessee rule but would be invalid if the Tennessee law was not applied. There is no such assurance, or even likelihood, of different outcomes depending on whether Moss' suit be tried under the separation of issues here followed or in a Tennessee court with contemporaneous submission of liability and damage issues to the jury.

Judgment affirmed.