James C. ZACHERY et ux., Plaintiffs,

v.

Peggy WHEELER, etc., Defendant.

Clara ZACHERY, etc., Plaintiff and
defendant-by-counterclaim,

v.

Peggy WHEELER, etc., Defendant and
plaintiff-by-counterclaim.

Peggy WHEELER, etc., Plaintiff and
defendant-by-counterclaim,

v.

Wayne E. PALMER et al.; Defendants
and plaintiff-by-counterclaim.

Nos. CIV-2-79-189, CIV-2-80-6
and CIV-2-80-28.

United States District Court,
E. D. Tennessee.

April 8, 1981.

---

William W. Hawkins, Kingsport, Tenn. and John F. Davis, Atlanta, Ga., for James C. Zachery et ux.

Wendal D. Jackson, Bristol, Tenn., J. Kenneth Lee, Greensboro, N. C. and Joe A. Tilson, Morristown, Tenn., for Clara Zachery, etc.

Robert D. Arnold, Johnson City, Tenn. and James W. Fletcher, Greeneville, Tenn., for Peggy Wheeler, etc.

Shelby W. Smoot, Kingsport, Tenn., for Wayne E. Palmer et al.

NEESE, District Judge.

These 3 actions, consolidated and tried-together under the Court's jurisdiction based on the diverse citizenships of the respective adversary parties and the amounts respectively in controversy, 28 U.S.C. § 1332(a)(1), (c), arose from a motor vehicular accident involving 2 collisions of 3 vehicles with 3 drivers and 2-guest passengers. 2 of those 3 drivers died from injuries sustained therein; only 1 of the 2 guest-passengers appeared and testified. The passenger testifying saw only the 1st such collision, and the surviving driver saw neither (and was aware only that the vehicle he was operating " * * * hit something * * * " in the 2d such impact).

2 of the adversary parties offered as respective witnesses so-called "accidentologists" who claimed expertise in the field of "accident-reconstruction." Rule 702, Federal Rules of Evidence. 1 such witness testified that he had an opinion as to "how" the foregoing accident happened,[1] and it was represented to the Court that his opinion, if allowed, would have differed diametrically as to its causation from that of the other purported "accidentologist".

■ Except to the extent provided by Rule 1101 thereof, matters of evidence in federal courts are governed by the Federal Rules of Evidence. Rule 101, Federal Rules of Evidence; *Bauman v. Volkswagenwerk*, C.A. 6th (1980), 621 F.2d 230, 233–234[2]. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion * * *." Rule 702, Federal Rules of Evidence. Expert-opinion evidence as to the cause of an accident constitutes a " * * * federal rule * * * " of evidence even in a diversity action where the evidentiary rule of the forum-state is to the contrary. *Peoples Gas Co. of Kentucky v. Fitzgerald*, C.A. 6th (1951), 188 F.2d 198, 201[7] (where the accident was an explosion).

This does not imply, however, that federal courts always are to admit opinion-evidence provided by a qualified expert wit-

---

1. " * * * Accident reconstruction hinges primarily on the determination of *speed* at time of impact. [Emphasis supplied here.] * * * " *Logsdon v. Baker*, D.C.D.C. (1973), 366 F.Supp. 332, 336, vacated and remanded for further proceedings " * * * to clarify the basis of the expert's opinion. * * * " C.A.D.C. (1975), 517 F.2d 166 (*see* esp.) at 174.

ness. The general rule adopted by the Supreme Court is that:

> * * * expert testimony not only is unnecessary but indeed may be excluded in the discretion of the trial judge "if all the primary facts can be accurately and intelligently described to the jury, and if they, as men [and women] of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject matter under investigation...". * * *

*Salem v. United States Lines* (1962), 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 313, 317 (*see* esp. headnote 3). In distinguishing *Salem*, our Court of Appeals stated a 2-pronged test to be applied: the opinion-evidence of expert witnesses is to be excluded if its subject-matter may be said to be within the common knowledge of the average layman and would not tend to aid the jury in the search of its members for the truth. *Bridger v. Union Railway Company*, C.A. 6th (1966), 355 F.2d 382, 387[8].

▮ Herein, all the primary facts were accurately and intelligently described to the jury which was comprised of men and women of common understanding who were as capable of comprehending the primary facts and of drawing correct conclusions from them as "accidentologists". The proffered evidence, accordingly, would not have aided the jury.

Nonetheless, it was contended that the opinion-evidence of "accidentologists" is received by the trial courts of Tennessee. Indeed, in a diversity action, another Division of this Court received expert testimony of this variety. *Cf. Moss v. Associated Transport, Inc.*, D.C.Tenn. (1963), 33 F.R.D. 335, 336–337[2], affirmed C.A. 6th[2] (1965), 344 F.2d 23. This extends our inquiry. Assuming only for the purposes of this portion of this consideration, that the Tennessee rule of evidence, as to the reception of

opinion-evidence of "accidentologists," is contrary to the corresponding federal rule of evidence, an inquiry under federal constitutional law is indicated.

The federal constitutional guaranty of the equal protection of the law prevents the inequitable administration of the laws of a state by its own courts, on the one hand, and federal courts sitting within it, on the other. *Erie R. Co. v. Tompkins* (1938), 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 1194 (headnote 3).

> " * * * [W]hen a federal court sitting in a diversity case is faced with a question of whether or not to apply state law, the importance of a state rule is * * * relevant, but only in the context of asking whether application of the rule would make so important a difference to the character or result of the litigation that failure to enforce it would unfairly discriminate against citizens of the forum State, or whether application of the rule would have so important an effect upon the fortunes of one or [more] of the litigants that failure to enforce it would be likely to cause a plaintiff to choose the federal court [rather than a state court]. * * * "

*Hanna v. Plumer* (1965), 389 U.S. 460, 468 n. 9, 85 S.Ct. 1136, 1142, 14 L.Ed.2d 8, 15 n. 9[8].

If it is true that a Tennessee citizen can gain admission into evidence of the expert opinion of an "accidentologist" as to the cause of an accident in litigation against another citizen of Tennessee but cannot gain its admission in litigation against one deemed a citizen of a state other than Tennessee, because of the latter's exercise of his right of removal of the case from a Tennessee court to a federal court, then removal of a case in the courts of Tennessee would indeed unfairly discriminate against that citizen of Tennessee and promote forum-shopping. " * * * The Erie rule is rooted in part in a realization that it would be unfair for the character or result of a

---

**2.** The only challenge considered on appeal was the rejected claim that the constitutional law of Tennessee prevented the bifurcation of the issues of liability and damages in a federal diversity case in Tennessee.

litigation materially to differ because the suit had been brought in a federal court. * * * " *Ibid.*, 389 U.S. at 467, 85 S.Ct. at 1141, 14 L.Ed.2d at 14[7].

Thus, the " * * * twin aims of the Erie rule * * * [are] * * * discouragement of forum-shopping and avoidance of inequitable administration of the laws. [Footnote reference omitted.] * * * " *Ibid.*, 380 U.S. at 468, 85 S.Ct. at 1142, 14 L.Ed.2d at 15[7]. Obviously, both are in prospect as to the issue *sub judice.*

In the effort to ascertain whether the evidentiary rule of Tennessee allows the introduction of opinion-evidence by an expert-witness as to the cause of a motor-vehicular accident *OR* motor-vehicular accidents the Court surveyed the decisions of its Supreme Court in *Bruce v. Beall* (1897), 99 Tenn. 303, 313–314 (headnote 4), 41 S.W. 445; *Cumberland Tel. Co. v. Dooley* (1902), 110 Tenn. 104, 109 (headnote 3), 72 S.W. 457; *Tel. & Tel. Co. v. Mill Co.* (1913), 129 Tenn. 374, 381–382 (headnote 3), 164 S.W. 1145; *McCravy v. State* (1915), 133 Tenn. 358, 368 (headnote 2), 181 S.W. 165; *Drainage Dist. No. 4 v. Askew* (1918), 140 Tenn. 314, 322–323, 204 S.W. 984; *McElroy v. State* (1921), 146 Tenn. 442, 450, 242 S.W. 833; *N. C. & St. L. Ry. v. White* (1928), 158 Tenn. 407, 412 (headnote 1), 15 S.W.2d 1; *Natl. Life & Acc. Ins. Co. v. Follett* (1935), 168 Tenn. 647, 655(3), 80 S.W.2d 92; (*cf.* also *Goodall Co. v. Sartin*, C.A. 6th (1944), 141 F.2d 427, 434); *Casone v. State* (1952), 193 Tenn. 303, 313(5), 246 S.W.2d 22; and *Armstrong Construction Co. v. Sams* (1954), 197 Tenn. 208, 214(6), 270 S.W.2d 561. In none of its discussions of opinion-evidence of expert witnesses in those cases, civil and criminal, has the Supreme Court of Tennessee sanctioned the use of such type of evidence in actions involving motor-vehicular accidents.

In fact, its statements therein that " * * * an expert [may] not give an opinion as to what is negligence in a particular case, when [from] the facts having made to appear to the jury, the jury was entirely qualified to determine for itself whether such facts constituted negligence * * * ," *Natl.*

*Life & Acc. Ins. Co. v. Follett, supra,* 168 Tenn. at 564, 80 S.W. 92, and that an expert " * * * is not permitted to testify as to what in his opinion was the real and producing cause * * * " of an injury, *Armstrong Construction Co. v. Sams, supra,* 197 Tenn. at 214(6), 270 S.W.2d 61, render it doubtful that the Supreme Court of Tennessee would so hold if confronted squarely with the issue. It is only the unwritten law of the state of Tennessee as declared by its Supreme Court which could not be excluded constitutionally by this federal court. *Erie R. Co. v. Tompkins, supra,* 304 U.S. at 78, 58 S.Ct. at 822, 82 L.Ed. at 1194 (*cf.* headnote 1).

The first approval of the use of expert-opinion evidence in an action involving a motor vehicular accident appears to have come from the Court of Appeals of Tennessee, and not its highest court. Citing no decision of the Supreme Court of Tennessee, the late Judge Peabody Howard wrote: " * * * The law is well settled that an expert witness may give his *opinion as to the speed of an automobile from* the length of its skidmarks. [Emphases added here.] * * * " *Monday v. Millsaps,* C.A.Tenn. (1953), 37 Tenn.App. 371, 393[17], 264 S.W.2d 6, certiorari denied (1953), quoted-from by the same intermediate appellate court in *Thomas v. Harper,* C.A.Tenn. (1964), 53 Tenn.App. 549, 561[9], 385 S.W.2d 130, certiorari denied (1964).

This Court, *per* (now Chief) Judge Wilson, is the only tribunal sitting in Tennessee known to have suggested that the expert opinion of a witness " * * * in the field of accident reconstruction * * * " is admissible in evidence in an action involving a motor-vehicle accident, but his statement appears to have been dictum. He stated broadly that " * * * expert testimony based upon the laws of motion and dynamics is admissible for the purpose of assisting the jury *in establishing the relative positions of the vehicles at the time of impact* and in reconstructing the accident. [Emphasis supplied here.] * * * " *Moss v. Associated Transport, Inc., supra,* 33 F.R.D. at 336–337[2]. However, Judge Wilson had specified that

the " * * * witness * * * was permitted to testify with regard to his opinion that the vehicle in which the plaintiff was riding was in a jack-knife position at the time of impact in that the right rear drive wheel of the tractor collided with the bumper of the other vehicle. * * * " *Ibid.*, 33 F.R.D. at 336.

An expert opinion of a witness as to the "relative positions" of the vehicles at the time of the impact, when one of them was in a "jack-knife" position, has analogy to an expert opinion "as to the speed of a vehicle from the length of its skidmarks"; it does not appear to this Court to be analogous to the expert opinion of a witness as to which of 3 drivers was at fault in causing proximately an accident involving 2 collisions *in seriatim* and 3 vehicles, when no witness is known to have seen both impacts.

The expert in *Moss, supra*, " * * * testified to the matching of damaged parts [after only 1 collision] upon the two [as opposed to 3] vehicles involved in this accident and demonstrated his testimony in this regard from photographs and from parts of the [only 2] vehicles made exhibits in the case. On the basis of physical evidence, direction of travel of the vehicles prior to the accident, debris [left from a single collision], markings upon the road [after but such single collision] and positions of the [only 2] vehicles after the accident, all matters upon which evidence was in the record, [such] witness was permitted to testify with regard to his opinion * * * " of the relative positions of the vehicles at the time of the only impact involved. *Ibid.*, 33 F.R.D. at 336.

The aforementioned precedent in this Court was established in 1963. At that time, former Rule 43(a), Federal Rules of Civil Procedure was in effect. Thereunder, evidence was admitted at that time if it was admissible either: under federal statutes, under the rules of evidence theretofore applied in federal courts in suits in equity, or under the rules of evidence of the forum-state. *Harrington v. Texaco, Inc.*, C.A. 5th (1964), 339 F.2d 814, 818[1], certiorari denied (1965), 381 U.S. 915, 85 S.Ct. 1538, 14 L.Ed.2d 435.

The "admissibility of evidence" portion of former Rule 43(a), *supra*, was deleted, effective July 1, 1975. The Rules of Decision Act, 28 U.S.C. § 1652, was modified thereby, to the extent that the statute had been construed judicially to prescribe conformity to state rules of evidence. Notes of Advisory Committee on Rule 43.

It appearing, thus, that the proffered evidence is not required by the general rule enunciated in *Salem v. United States Lines, supra; accord: Bridger v. Union Railway Company, supra; cf.* also *Natl. Life & Acc. Ins. Co. v. Follett, supra*; that there is no choice to be made herein between the federal evidentiary rule and a contrary evidentiary rule of Tennessee, *cf. Hanna v. Plumer, supra*, 390 U.S. at 468–469, 85 S.Ct. at 1142, 14 L.Ed.2d at 15; and that the reception of such evidence would have constituted a waste of time and needless presentation of cumulative evidence, such proposed evidence was

EXCLUDED. Rule 403, Federal Rules of Evidence.