Brian **TAFT,** Robert **Goodwin,** Daniel **Weisman,** Rose Marie **Cipriano,** James **Demas,** Debra **Snow,** Joseph **Light,** Karen **Light,** Barbara **Levinson,** John **Carroll,** Steven **Poledaros,** Paula **Demers, Rhode Island Affiliate, American Civil Liberties Union, and National Education Association of Rhode Island**

v.

**Arthur R. PONTARELLI and Terrel Bell.**

**Civ. A. No. 83–0421.**

United States District Court, D. Rhode Island.

Sept. 9, 1983.

Lynette Labinger, Providence, R.I., for the plaintiffs.

Forest Avila, Providence, R.I., Charles H. Wilson, Washington, D.C., William T. Murphy, Providence, R.I., Dept. of Justice, Lewis K. Wise, Robert D. Nesler, Daniel Shea, Washington, D.C., for defendants.

## MEMORANDUM OPINION

FRANCIS J. BOYLE, Chief Judge.

Plaintiffs, who include six parents of children who attend public schools, and organizations which support public education, vigorously resist the motion of Francis Connor, et al to intervene as parties defendant in this action in accord with Fed.R.Civ.P. 24.

Substantially, the action challenges a federal program which purports to aid children in both public and non-public schools nationwide. The thesis of Plaintiffs is that Chapter II of the Education Consolidation and Improvement Act of 1981 (Pub.L. No. 97–35, Title V), 20 U.S.C. § 3811 *et seq.,* so inextricably intertwines the federal and state government in the operation of religiously oriented non-public schools that the First Amendment is violated. Defendants, in part, contend that this program of federal aid to education is to children, and not religious institutions, and therefor does not transgress church-state barriers.

Intervenors are parents of children who attend religiously affiliated schools and allegedly benefit from enhanced educational opportunities provided by Chapter II of the Act. Plaintiffs include parents of children in public schools and organizations affiliated with public schools. Strange as it may seem under any logical consideration of the circumstances, Plaintiffs, who represent among others children receiving benefits, argue that intervenors cannot seek to resist their attack upon benefits alleged to be provided to the children intervenors seek to represent. Plaintiffs assert that intervenors are adequately represented. It is sufficient to note that both State and Federal Defendants abjure.

Plaintiffs further argue that the doctrine of collateral estoppel bars intervenors from litigating the nature of the schools that their children attend. Plaintiffs seek to challenge an almost infinite variety of forms of educational assistance, involving numerous different institutions. The State defendant, however, indicates a lack of specific knowledge of the religious nature of the institutions which intervenors' children attend, quite appropriate in light of the First Amendment's command of non-entanglement, which likewise applies to the Federal defendant.

Plaintiffs urge that intervenors will seek to prove factual issues, which have already been judicially determined, concerning the sectarian nature of the institutions attended by intervenors' children and other institutions numbering more than fifty. Plaintiffs assert that a trial of these issues "could cause a tremendous delay of the resolution of this action at significant additional expense." (Memorandum in Opposition, p. 14). Plaintiffs have sought to enjoin distribution of public funds or property to all of those institutions. This Court finds that collateral estoppel does not apply in this case, and notes that it is somewhat ironic for Plaintiffs to contend that proof is inadmissible that any one or more of those institutions does not implicate the Federal or State governments in excessive entanglement and to seek to stifle that hope which springs eternal, however unlikely, that the passage of time and changes in circumstances precipitate different factual conclusions. *See, e.g., Cuesnongle v. Ramos,* 713 F.2d 881, at 883 (1st Cir. Aug. 10, 1983).

Plaintiffs cite Rule 1 of the Federal Rules of Civil Procedure that "the *court* must remember that Rule 1 charges it with responsibility for the 'just' and 'speedy' determination of the action." (Memorandum in Opposition, p. 16–17). As a matter of fact it is to be noted that Rule 1 states that the Rules "shall be construed to serve the just, speedy, and inexpensive determination of every action." The first requirement is

"just", the second "speedy", and the third "inexpensive". Whether or not this trilogy is prioritized, each is at least of importance. Indeed, it is likely that just determinations are to be preferred in any system of justice to either those which are speedy or inexpensive. *See Brennan v. O'Donnell*, 426 F.2d 218, 221 (5th Cir.1970) *Moss v. Associated Transport, Inc.*, 344 F.2d 23, 26 (6th Cir. 1965).[1] All three requirements are to be seriously considered.

Intervenor's Motions to Intervene qualify under Rules 24(a)(2) and 24(b)(2) and they are granted.

---

1. The rules are designed to promote the ends of justice, not to defeat them, and orderly rules of procedure do not require sacrifice of the funda- mental rules of justice. *Hormel v. Helvering*, 312 U.S. 552, 557, 61 S.Ct. 719, 721–22, 85 L.Ed. 1037 (1941).