# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## NORTHWESTERN NATIONAL INSURANCE COMPANY, ET AL. V. JENNIE COHEN.

### January 17, 1924.

1. RELEASE—*Consideration.*—A release not under seal requires the support of a valuable consideration.

2. RELEASE—*Fraud—Signing Without Reading.*—In an action upon an automobile insurance policy the defense was a release signed by plaintiff's agent. The evidence of the agent, which was credited by the jury as shown by their verdict, was entirely sufficient to warrant the conclusion that he signed the release without reading it, and relied implicitly upon the agent of defendant's representation that it did not affect plaintiff's right to look to the defendants if the theft resulted in a loss to her.

   *Held:* That a verdict for the plaintiff should be sustained.

3. RELEASE—*Consideration—Fraud—Case at Bar.*—In the instant case, an action upon an automobile insurance policy, the questions of fraud and consideration with respect to a release were so interrelated as not to be susceptible of separation. A consideration was shown unless the release was procured by fraud, but such consideration depended upon the agent of plaintiff understanding that the purpose of the paper, which he signed, was to induce the defendants to desist from further search for plaintiff's automobile. The court instructed the jury that if the release was obtained by fraud or misrepresentation, or was without consideration, then it was not binding on plaintiff, and if on the other hand the release was executed without fraud or misrepresentation, "in consideration that defendants' agent would notify detectives not to take any further steps for the recovery of the automobile, and the defendants agents did so notify the detectives not to take any further steps for the recovery of the automobile, such release is valid and binding on the plaintiff, and she cannot recover in this action."

   *Held:* That under the evidence the jury could not have found for the plaintiff unless they believed that the release was without consideration because procured by fraudulent representations which misled the plaintiff's agent as to its purport and purpose.

4. AUTOMOBILE INSURANCE—*Notice of Loss—Forthwith.*—In an action upon an automobile insurance policy it appeared that the disappearance

of the car was discovered about eight o'clock on Saturday night. Notice of loss was not given until Monday morning. The policy provided that plaintiffs should "forthwith give notice in writing to the company or the authorized agent who issued the policy."

*Held:* That the evidence was such as to make it proper for the court to allow the jury to say whether the notice was sufficiently prompt to constitute a reasonable compliance with the condition of the policy.

5. AUTOMOBILE INSURANCE—*Notice of Loss—Forthwith.*—A provision in an automobile theft policy that in the event of loss the assured "shall forthwith give notice thereof in writing" is not unreasonable, in view of the fact that the insurer may desire to investigate the circumstances attending the loss or damage and take steps to repair the machine or recover it. The word "forthwith," as used in such a policy, does not mean instantly, but within a reasonable time, and, unless the lapse of time is so long as to be obviously a noncompliance with the contract, the question whether the notice was given within a reasonable time is for the jury.

6. APPEAL AND ERROR—*Instructions—Directing Verdict Without Reference to Defense—Harmless Error—Case at Bar.*—In the instant case complaint was made of an instruction because it directed a verdict for the plaintiff without making any reference to the defense based on the alleged failure to give as prompt notice of the theft as the policy required. The instruction would have been clearly free from any criticism if it had referred to that defense, and it is equally clear that the lack of such reference rendered it defective, but the error was rendered harmless by another instruction in the case, which fully set forth the defense in question.

7. APPEAL AND ERROR—*Substantial Justice—Error in Instructions.*—In cases triable and tried by juries "substantial justice" in a legal sense has been attained when litigants have had one fair trial on the merits, and error in the instructions which could not mislead the jury does not warrant a reversal.

Error to a judgment of the Circuit Court of the city of Norfolk, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*R. H. Mann,* for the plaintiffs in error.

*Herman A. Sacks,* for the defendant in error.

KELLY, P., delivered the opinion of the court.

Mrs. Jennie Cohen obtained from the Northwestern National Insurance Company a policy insuring her automobile against loss or damage resulting from theft. This policy was subsequently assumed by the North River Insurance Company. The automobile was stolen, but afterwards found and restored to Mrs. Cohen in a greatly damaged condition. She then brought this action against both companies to recover the loss. There was a verdict and judgment below in her favor.

The facts, so far as they need be stated, will appear in connection with the three several assignments of error. Two of these assignments involve questions so vitally affecting the final result that if either should be sustained, it would end the case here in favor of the defendants, while the third relates to the instructions, and if upheld would result in a new trial.

1. Mrs. Cohen, from the beginning to the end of the matter, acted solely through the agency of her husband, Max Cohen. The policy was issued June 12, 1920, and the car was stolen March 12, 1921. On March 25, 1921, Max Cohen signed a release which was introduced in evidence, and which, if valid, relieved the defendants of all liability. That release was as follows:

"I, Mrs. Jennie Cohen, do hereby release the Northwestern National Insurance Company of all liability under their policy 50,717, covering $1,500, fifteen hundred dollars, on my Elcar Touring Car, No. 26,000, reported stolen under date of 12th day of March, 1921, and that I will make no claim against them of any kind under this policy.

"MRS. JENNIE COHEN,
"By Max Cohen."

[1] Mrs. Cohen denied the validity of this release on two grounds—first, want of consideration, and, second, fraud in its procurement. The release, not being under seal, required the support of a valuable consideration. *Ferries Co.* v. *Brown,* 121 Va. 17, 92 S. E. 813.

The evidence relied upon to show a consideration was that Max Cohen, at the request of a Mr. Gregory, who said his son had taken the automobile and who promised to see that it was returned or paid for, asked the police department and the insurance company to desist from any further search. As to these facts there is no substantial conflict in the testimony. Witnesses for the defendants further testified that Cohen was required to sign the release as the condition upon which they would comply with his request to stop the search; that he read the release and signed it with full knowledge of its purport and of the consideration for which it was given; and that the police were accordingly withdrawn and further steps for the recovery of the car abandoned by the defendants. But Cohen denied that the release was explained to him or that he knew the contents of the paper which he signed; and his testimony is further to the effect that, in a few days after he notified the insurance company and the police in accordance with Gregory's request, the agent of the defendants inquired whether he had located the automobile, and he replied in the negative; that then, on the next day after such inquiry, the agent brought the paper and he signed it under the following circumstances:

"He came in with that paper to be signed. I said: 'What is that?' and he said: 'This is a paper I have got to file and report to the insurance people;' and I said: 'I will sign it, but in case I don't receive the automobile, what am I going to do?' and he said: 'That is all right; leave it to me and I will attend to everything. I will see that everything will be attended to right and you

will be treated right.' I said: 'Mr. Arnheim, I will take your word for it; I have got confidence in you and your people, and if you think it will be best,' and so I did sign it, but I didn't know whether it released it or not, or what." (Arnheim was the agent who wrote the policy.)

[2, 3] Cohen further testified that he would not have signed the paper if he had known that it was a release. His evidence, as a whole, which was credited by the jury as shown by their verdict, was entirely sufficient to warrant the conclusion that he signed the release without reading it and relying implicitly upon the agent's representation that it did not affect his right to look to the defendants if the theft resulted in a loss to him. "It is true that evidence of fraud and imposition in cases of this character must be clear and convincing. It does not follow, however, that the court can fairly take the question from the jury merely because the court, upon the facts proven, would have reached the conclusion that the release was valid. This can only be done where the evidence is clearly insufficient to support a different conclusion." *Flowers* v. *Virginian Ry. Co.*, 135 Va. 367, 382, 116 S. E. 672, 677. It seems clear that the questions of fraud and consideration with respect to the release in this case are so inter-related as not to be susceptible of separation. The consideration was shown unless the release was procured by fraud, but such consideration depended upon Cohen's understanding that the purpose of the paper was to induce the defendants to desist from further search for the automobile. The court instructed the jury, at the request of the plaintiff, that if the release was obtained by fraud or misrepresentation, or was without consideration, then it was not binding on her, and further instructed them, at the request of the defendants, that if the release was executed without any fraud or misrep-

resentation, "in consideration that defendants' agent would notify detectives not to take any further steps for the recovery of the automobile, and the defendants' agents did so notify the detectives not to take any further steps for the recovery of the automobile, such release is valid and binding on the plaintiff and she cannot recover in this action."

These instructions were clear and explicit, and the jury could not, under the evidence, have found for the plaintiff unless they believed that the release was without consideration because procured by fraudulent representations which misled the plaintiff's agent as to its purport and purpose.

2. It is assigned as error that the court refused to set aside the verdict because the plaintiff failed to give sufficiently prompt notice of the loss of the car.

One of the conditions of the policy required the plaintiff to "forthwith give notice in writing to the company or the authorized agent who issued the policy."

The disappearance of the car was discovered by Max Cohen about half past eight or nine o'clock on Saturday night. Cohen tried to locate the car that night. In this connection he was asked the following questions and gave the following answers:

"Q. What did you do then?

"A. I looked around, sir; then. I thought probably somebody had pushed it away and I looked around and could not find it, and I went home and told my wife about it, and it was Saturday night and I could not do anything, and Sunday morning I went to the office and Mr. Arnheim was closed and I could not do nothing until Monday morning.

"Q. Did Mr. Arnheim have a telephone?

"A. Sir?

"Q. Did Mr. Arnheim have a telephone?

"A.   I didn't call him up.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

"Q.   All day Sunday what did you do?

"A.   I didn't know what to do.   Just as I made the statement before, it was my first experience and I didn't know whether I should run to Mr. Arnheim, call him up and tell him or what to do.   I didn't know, and I waited until the first thing Monday morning.   The first thing Monday morning I went to his office and said: 'Mr. Arnheim, so and so has happened,' and he said: 'Why did you not report it to me right away,' and I said: 'I didn't know where to locate you and your office was closed,' and he said: 'All right; go ahead and report it to the police authorities,' and so I did.

"Q.   Now, he said: 'Why did you not let me know earlier?'

"A.   What?

"Q.   He asked you why you did not let him know earlier?

"A.   He said: 'Why did you not report it to me right away,' and I said: 'I didn't know where to locate you and your office was closed.'"

At the request of the defendants the court gave the following instruction:

"The jury are instructed that one of the provisions of the policy sued on is that 'in the event of loss or damage the assured shall forthwith give notice thereof in writing to the company, or the authorized agent who issued the policy.'   And although the jury may believe from the evidence that the plaintiff's automobile was stolen; yet if they further believe from the evidence that such theft occurred on the afternoon or evening of March 12, 1921, and the plaintiff did not notify the said company, or its agents, until the morning of March 14, 1921, and that she could reasonably have given notice

of the loss earlier, and that the delay in giving notice of such loss was material, the plaintiff cannot recover in this action, and the jury will find for the defendants."

[4, 5] This instruction was correct in form, and the evidence was such as to make it proper for the court to allow the jury to say whether the notice was sufficiently prompt to constitute a reasonable compliance with the condition of the policy.   We approve, as substantially applicable to this case, the following statement of the law on this subject, found in a note to 19 A. L. R., page 174:

"The provision in an automobile theft policy that in the event of loss the assured 'shall forthwith give notice thereof in writing' is not unreasonable, in view of the fact that the insurer may desire to investigate the circumstances attending the loss or damage and take steps to repair the machine or recover it.   The word 'forthwith,' as used in such a policy, does not mean instantly, but within a reasonable time, and unless the lapse of time is so long as to be obviously a noncompliance with the contract, then the question whether the notice was given within a reasonable time is for the jury, and it cannot be said as a matter of law that notice of the theft of the insured car was not given within a reasonable time, where written notice was given four days from the time the machine was stolen, and received by the company within five days."  Citing *Falls City Plumbing Supply Co.* v. *Potomac Insurance Co.*, 193 Ky. 734, 237 S. W. 376.

[6, 7] 3. The third and last assignment of error calls in question the two instructions A and B given for the plaintiff.

Complaint is made of instruction A because it directed a verdict for the plaintiff without making any reference to the defense based on the alleged failure to

give as prompt notice of the theft as the policy required. The instruction would have been clearly free from any criticism if it had referred to that defense, and it is equally clear that the lack of such reference rendered it defective, but we are of opinion that the error was rendered harmless by defendants' instruction 3, hereinbefore quoted in full. The case in that respect is ruled by the principles which we applied in *Va. Ry. & P. Co.* v. *Smith & Hicks*, 129 Va. 269, 277, 105 S. E. 532, 535, wherein we said: "There is reversible error in any case where the evidence is sufficient to warrant a verdict for either side and where the instructions which have been duly objected to are in such irreconcilable conflict upon vital points as to be liable to mislead the jury, but it is quite possible to apply the rule unreasonably. We are inclined to think it may have been so applied in some of the antecedent Virginia cases, and we feel that it would be so applied in this case if we held the instruction in question sufficiently faulty to constitute reversible error. * * * The revisors, in section 6331 of the Code of 1919, in keeping with the modern trend of legislative and judicial policy, added a new clause to the old section (Code 1887, section 3449); and the statute now provides that 'no judgment or decree shall be reversed * * * for any error committed on the trial where it plainly appears from the record and from the evidence given at the trial that the parties have had a fair trial on the merits, and substantial justice has been done.' It is our purpose to vitalize this provision in its application and administration. Of course, there will always be room for doubt as to whether the right result has been reached when the evidence has been in serious conflict; but in causes triable and tried by juries 'substantial justice' in a legal sense has been attained when litigants have had one fair trial on the

merits; and although instruction No. 3 (in the instant case instruction A) "was open to the criticism which we have discussed, it could not have reasonably misled the jury, and we hold that the error does not warrant a reversal."

Instruction B was as follows: "The court instructs the jury that if you believe that the release was obtained by the defendant from the plaintiff by fraud, or misrepresentation, or without consideration, then it is not binding on her."

It is insisted that this instruction was erroneous "for the reason that there was no evidence of fraud or misrepresentation in the obtaining of the release and that the evidence conclusively established that there was a consideration." It follows, however, from what has been said in the discussion of the first assignment of error that this objection to the instruction is not sound.

We find no error in the judgment complained of and it is affirmed.

*Affirmed.*