James CHATMAN, Appellant,

v.

FERD STAFFEL COMPANY et al., Appellees.

No. 4049.

Court of Civil Appeals of Texas.

Waco.

Nov. 8, 1962.

Rehearing Denied Nov. 29, 1962.

**174**

Lieck & Lieck, San Antonio, for appellant.

Granvil W. Smith, Carl Wright Johnson, Alfred W. Offer, San Antonio, for appellees.

WILSON, Justice.

Appellant sued appellees, alleging one of them manufactured, and the other sold to him, an insecticide, use of which resulted in his personal injury. The manufacturer pleaded a release executed by appellant, which the seller also relied on. Appellant answered that the release was obtained by fraud, and the consideration paid therefor was inadequate.

■ The court ordered severance, over appellant's objection, of the issue of whether he released the manufacturer from liability, directing a separate trial on that issue before trial of the other issues for "convenience of the court, the parties, and the jury, and to avoid prejudice." The jury found that the release was explained to appellant when he executed it, and judgment was rendered that appellant take nothing.

Appellant urges the severance and separate trial of the issue of the effectiveness of the release was erroneous under Rule 174(b), Texas Rules of Civil Procedure. He relies on Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648; and T. & N. O. Ry. Co. v. Thompson, Tex.Com.App., 12 S.W.2d 963. The Thompson case was decided before the Rule was adopted. Iley v. Hughes determined that separate trial of liability and damage issues was not authorized by the Rule.

The question is controlled by Meridith v. Massie, Tex.Civ.App., 173 S.W.2d 799, 800, writ refused, where it was held to be within the court's discretion to order separate trial of the issue of limitation and "issues like these, which are determinative of the entire case". A like holding was made in Bowie v. Sorrell, 209 F.2d 49, 4th Cir., 43 A.L.R.2d 781, construing Federal Rule 42 (b) which is identical to the Texas Rule. It was there said the trial judge was authorized to try separately the issue of validity of a release. The contention is overruled.

■ Complaint is made of refusal of appellant's series of requested issues inquiring whether appellee represented to appellant that he was only signing a check for medical bills. The substance of that issue was submitted, without objection, conditioned upon a negative answer to the issue as to whether the release was explained to appellant, and the complaint is therefore untenable.

Objection is urged to admission of evidence. Some of the evidence does not bear on the release issues. As to other portions, the substance was admitted from other sources or in another form without objection. Some of the evidence was inadmissible, but harmless. The points do not present reversible error.

■ Appellee's counsel, in argument to the jury, stated that since all other issues were conditioned on a negative answer to the first, if the first issue was answered in the affirmative it would not be necessary to answer the rest, "and we can go home." Appellant objected neither to the argument nor the conditional submission. He now says this argument was erroneous as improperly informing the jury of the effect of its answers. It told the jury little more than did the court's charge with appellant's acquiescence, and hence was not reversible error. Grieger v. Vega, 153 Tex. 498, 271 S.W.2d 85, 87.

Appellant presents 41 points of error. We have considered each, and under the record, in our opinion, none presents reversible error. Affirmed.