## Richmond

WILLIE LEE VALENTINE v. MARGARET W. JESTER.

June 16, 1969.

Record No. 6962.

Present, All the Justices.

*James N. Garrett, Jr. (James N. Garrett; Garrett, Garrett & Garrett*, on brief), for plaintiff in error.

*John M. Carter*, for defendant in error.

CARRICO, J., delivered the opinion of the court.

The sole question involved in this personal injury action is whether the trial court erred in declaring null and void a release executed by the plaintiff, Margaret W. Jester, releasing Willie Lee Valentine, the defendant, from all claims arising out of an automobile accident.

The issue arose when the plaintiff filed a motion for judgment seeking damages for personal injuries allegedly sustained when the automobile in which she was a passenger was in collision with a vehicle operated by the defendant. Following service of process upon him, the defendant filed a "Plea of Release and Payment," asserting that the plaintiff had, for a valuable consideration, released him from the claim set forth in the motion for judgment.

The court held a hearing on the defendant's plea and overruled it. An order was entered declaring the release null and void. The defendant then filed grounds of defense, and a jury trial was held on the merits of the plaintiff's claim. The jury returned a verdict in favor of the plaintiff in the sum of $4000.00. The trial court entered judgment on the verdict, and the defendant was granted a writ of error.

We are concerned only with the evidence taken on the defendant's plea of release. That evidence showed that the accident occurred on February 2, 1965, in the city of Portsmouth. The plaintiff was a passenger in an automobile being operated by her husband when it was struck from the rear by the defendant's vehicle. Mr. Jester was not injured, but the plaintiff had "a burning sensation in the neck area."

Five or six days later, Walter A. Diener, an adjuster for Nationwide Mutual Insurance Company, the carrier having coverage on the defendant's vehicle, called on the plaintiff and her husband at their home. The subject of a release was discussed, but the plaintiff told Diener she would not sign a release until after she had consulted a physician. It was agreed that the plaintiff should see Dr. George Psimas, a local orthopedic surgeon.

The plaintiff visited Dr. Psimas on February 19, 1965. She was examined and found to have "local signs of soreness in the neck." She was instructed to return for X rays on February 22. Following the taking of the X rays, Dr. Psimas diagnosed the plaintiff's condition as "a mild sprain of the neck." His prognosis was that "this would clear up within a few days to a few weeks."

On February 24, Diener again visited the plaintiff and her husband, and the release which is the focal point of this controversy was then executed. The instrument was on a form[1] supplied by the insurance company represented by Diener, and in it the company agreed to pay the plaintiff $175.00 and medical expenses not to exceed $2000.00 if incurred within one year following the accident. In turn, the plaintiff and her husband released the defendant and his employer "from all actions, causes of action, claims, demands, damages, costs, loss of services, expenses, and all consequential damage on account of, or in any way growing out of, any and all known and unknown personal injuries" resulting from the accident.

The plaintiff continued to be treated by Dr. Psimas, and in December, 1965, or some ten months after the accident, she was informed by the doctor that her injuries were permanent since they

"had lasted that long." In the meantime, the insurance company had paid $282.03 in medical expenses for the plaintiff under the terms of the release. Later, the company forwarded a check for an additional $95.00 for medical expenses, but the plaintiff refused to accept the payment.

## AGREEMENT AND RELEASE

One Hundred Seventy Five and no cents

For and in consideration of the payment to me/us of the sum of ($175.xx ) _____ dollars this date and of the promise of payment to me/us by Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company and Nationwide General Insurance Company of benefits in accordance with the Schedule of Benefits set forth below.

### BENEFITS SCHEDULE

| | |
|---|---|
| All reasonable expenses for medical, dental or surgical treatment, ambulance, hospital, professional nursing and prosthetic devices incurred within one year following the accident and caused by it not to exceed in total for any one person $2,000. | For each day, within 180 days after the accident continuously and necessarily confined indoors due to the injury, under the care of a licensed physician other ~~than himself~~ pay-~~xxx.xxxxx~~ payable monthly $_____. |

I/We, Margaret W. Jester and James M. Jester _____, for myself/ourselves, my/our heirs, executors, Claimant and Spouse

administrators and assigns do hereby release and forever discharge James Woodrow Johnson and W. Valentine, the Insurance Company accepting this Agreement, and any and all other persons, firms, and corporations of and from all actions, causes of action, claims, demands, damages, costs, loss of services, expenses, and all consequential damage on account of, or in any way growing out of, any and all known and unknown personal injuries, death and property damage resulting or to result from an accident which occurred on or about the 2nd day of February, 1965 at or near Portsmouth Blvd. and Turnpike Road, Portsmouth, Virginia

It is further agreed that said consideration of payment and promise of payment includes any medical payments benefits afforded by the Insurance Company accepting this Agreement.

I/We understand that this settlement is the compromise of a doubtful and disputed claim, and that the payment is not to be construed as an admission of liability on the part of the persons, firms, and corporations hereby released by whom liability is expressly denied.

This Agreement and Release contains the entire agreement between the parties hereto, and the terms of this instrument are contractual and not a mere recital.

It is further agreed that all parties to this instrument have carefully read the contents thereof and the signatures below are the voluntary and free act of each.

In witness whereof we have hereunto set our hands and seals this 24th day of February, 1965

IN PRESENCE OF

Carolyn J. Smith

Carolyn J. Smith

Margaret W. Jester _____ Claimant

James M. Jester _____ Claimant

ACCEPTED BY:

☒ NATIONWIDE MUTUAL INSURANCE COMPANY
☐ NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
☐ NATIONWIDE GENERAL INSURANCE COMPANY

BY Walter A. Fienen _____ Authorized Representative

In April, 1966, the plaintiff filed her motion for judgment seeking to recover damages for her "serious and permanent injuries" and was met with the plea of release filed by the defendant. As has been noted, she prevailed, notwithstanding the release.

The trial court declared the release executed by the plaintiff and her husband null and void because "there was a mutual mistake of fact existing at the time of said signing." The defendant contends that the evidence was insufficient to sustain that finding. The plaintiff contends, of course, that the evidence was sufficient.

In *Corbett* v. *Bonney*, 202 Va. 933, 121 S. E. 2d 476 (1961), we had a similar factual situation before us. In reversing a judgment setting aside a release on the ground of mutual mistake of fact, we said, quoting from 45 Am. Jur., Release, § 20, pp. 685-686:

" ' . . . While a mistake as to the extent of the injury, due to unknown conditions, is material, it would seem that unknown and unexpected consequences of a known injury will not bring a case within the rule permitting avoidance of a release on the ground of mutual mistake. In order to avoid a release on the ground of mutual mistake as to the nature or extent of the injuries, there must be more than a mere mistake as to the time which will probably be required for recovery from a known injury, since a statement by the releasee's physician in this regard may be considered ordinarily as a mere expression of opinion. . . .' " 202 Va., at 939, 121 S. E. 2d, at 481.

We also said in the *Corbett* case:

" . . . The fact that the treatment of plaintiff's known injuries has been prolonged does not bring her case within the rule permitting avoidance of the release on the ground of mutual mistake. As was said in *Fix* v. *Craighill*, 160 Va. 742, 755, 169 S. E. 598, 'Mistakes as to matters which the contracting parties had in mind as possibilities and as to the existence of which they took the risk are not such mistakes of fact as to entitle either party to relief.' " 202 Va., at 940, 121 S. E. 2d, at 481.

The foregoing is applicable to the case at hand and controls its decision. The nature and extent of the plaintiff's injuries were known when the release was executed. That situation remained unchanged

even to the date of trial because Dr. Psimas conceded that the injuries from which the plaintiff was then suffering were the same he "found in the beginning."

The parties also knew that the plaintiff would require future medical treatment. In fact, they bargained with respect thereto by including in the release the medical benefits schedule which provided for the payment of medical expenses up to $2000.00 if incurred within one year following the accident.

What was not known when the release was executed was that the plaintiff's doctor would later change his opinion and say that the plaintiff's injuries were permanent. If any mistake was made, it was on the part of the doctor in saying originally that the plaintiff would recover from her injuries "within a few days to a few weeks." That was the mere expression of opinion, and a change in that opinion was not sufficient to set aside the release on the ground of mutual mistake of fact.

The case of *Ice Company* v. *Lee*, 199 Va. 243, 99 S. E. 2d 721 (1957), relied upon by the plaintiff, differs materially in its facts from the case at bar and is not, therefore, controlling here. In that case, the parties, when the release was executed, thought the releasor had suffered no injury, when in fact he had suffered severe injuries, as was learned later.

The judgment in favor of the plaintiff and the order declaring the release null and void will be reversed and set aside, the defendant's plea of release sustained, and final judgment entered here in favor of the defendant.

*Reversed and final judgment.*