## CIRCUIT COURT OF THE CITY OF RICHMOND

Elsie S. Bolen

v.

Overnite Transportation Co.

March 27, 1985

Case No. LH-1367

By JUDGE WILLARD I. WALKER

Two issues have been presented to this court by plaintiff's motion.

1. Is the plaintiff entitled to have the issues raised on the plea of release and accord and satisfaction tried by a jury?

2. Is it within the court's discretion to grant separate trials or is the plaintiff entitled to have all of the issues, including the merits of the case, determined in a single proceeding and by the same jury?

There are a number of cases in Virginia where the validity of releases have been tried with tort actions by a jury, see e.g. *Flowers* v. *Virginia R. Co.*, 135 Va. 367, 116 S.E. 672 (1923); *Northwestern Nat. Ins. Co.* v. *Cohen*, 138 Va. 177, 121 S.E. 507 (1924); *Stallard* v. *Atlantic Greyhound Lines*, 169 Va. 223, 192 S.E. 800 (1938); *Provident Life Ins. Co.* v. *Walker*, 190 Va. 1016, 59 S.E.2d 126 (1950), and also where the validity of a release has been determined as a matter of law solely by the judge rather than submitting the issue to the jury, see e. g., *Harvey* v. *Robey*, 211 Va. 234, 176 S.E.2d 673 (1970); *Nationwide Mut. Ins.* v. *Muncy*, 217 Va. 916, 234 S.E.2d 70 (1977); *Valentine* v. *Jester*, 210 Va. 83,

168 S.E. 94 (1969). However, in none of these cases has the question of a proper forum for passing on the validity of a release been raised.

Rather than addressing directly the question whether the release issue is a matter for the court or jury, these cases merely decide whether the evidence is sufficient to submit the release issue to the jury on the ground of mistake or fraud. The issue before me is not whether the judge can take the case from the jury and enter summary judgment as a matter of law, *Harvey* v. *Robey*, 211 Va. 234, 176 S.E.2d 673, or act as the trier of fact in cases involving the validity of the release, *Valentine* v. *Jester*, 210 Va. 83, 163 S.E. 94, but instead whether a jury trial in the present case is discretionary or a matter of right. For this determination, I will consider both the common law and constitutional rights of trial by jury.

It must be initially noted that Article Seven of the Constitution of the United States preserving the right of trial by jury is a limitation only on the administration of law in the federal courts and not of the state court's administration of civil law. *Brown* v. *Epps*, 91 Va. 726, 21 S.E. 119 (1895). However, the right to a jury trial in civil actions (other than equity or chancery) was adopted by the Virginia Constitution in 1776 and has been protected by every Virginia constitution since. *See* Va. Const. 1971, art. 1, § 11. This constitutional right has been held to mean that a man has a legal claim to a trial by a jury; that a jury trial is his privilege. *Brown*, 91 Va. 726, 21 S.E. 119. Although there is no right to a jury trial where there is only a question of law in a case, the right to trial by jury arises whenever there are disputed facts or whenever different inferences may be drawn from undisputed facts. There is no sound reason to deny this fundamental right to trial by jury to the determination of the validity of a release agreement. "Issues of fact on the question whether a release is a valid contract and binding on a releasor in an action at law are for the determination of the jury on the evidence, upon proper instructions from the court." 66 Am. Jur. 2d, *Release* § 64 (1964).

In *Bowie* v. *Sorrell*, 209 F.2d 49 (4th Cir. 1953), the court held that the plaintiff in an action for personal injuries sustained in an automobile accident

is entitled to a jury trial on the issue of whether a release executed by him was obtained by fraud, undue influence, harassment, and misrepresentation. The court states: "We think that our problem must be solved by federal law, not by the law of the State of Virginia, though we believe that the solution to the problem before us would be the same, whether the State law or the federal law be applied." *Bowie*, 209 F.2d at 52. Although it is recognized that *Bowie* is only persuasive authority to this court and that the seventh amendment of the United States Constitution was an important factor in the court's decision, the *Bowie* court held broadly that fraud is an issue for the jury in cases in which fraud in the inducement is actually in issue.

The present case involves a common law suit for damages, a release pled as a defense by the defendants, and an attack by the plaintiff on the validity of the release based upon fraud, duress, misrepresentation, lack of consideration, and no meeting of the minds. In accordance with the persuasive authority in *Bowie*, I hold that the right to trial by jury protected by article one, section eleven of the Virginia Constitution is applicable to the determination of whether a release is valid where disputed issues of fact are involved. Since the determination of whether the release in the present case is valid will inherently involve a determination of controverted issues of fact, plaintiff is entitled to have the release issue tried by a jury.

The courts have generally recognized that the decision of whether or not to allow separate trials on the issue of validity of a release is within the discretion of the court. Annot. 4 A.L.R.3d 456; *Bowie v. Sorrell*, 209 F.2d 49 (4th Cir. 1953); *Harvey v. Robey*, 211 Va. 234, 176 S.E.2d 673 (1970). One of the principal factors considered by the courts in allowing separate trials is the convenience to the court and the parties. If the release is held valid, both parties are spared the expense and time of a full trial. However, other factors relevant to the court's determination are: (1) when a negligence action involves a release, the release issue is often disregarded by the jury; (2) a single trial creates an atmosphere which would produce an unconscious influence upon the

jury; (3) a single trial might confuse the jury; and (4) in a single trial the jury would learn of the existence of insurance coverage, and this would be prejudicial to the defendant. Annot. 4 A.L.R.3d 456.

In Virginia, it has been consistently held that evidence as to insurance coverage is inadmissible and prejudicial to a defendant and the admission of such testimony or argument of counsel disclosing insurance coverage is reversible error. *See* e.g. *Lanham* v. *Bond*, 157 Va. 167, 160 S.E. 89 (1931); *Worrell* v. *Worrell*, 174 Va. 11, 4 S.E.2d 343 (1939). Since the release was obtained by the adjusters for the defendant's insurance company, it is inevitable that this fact will become known to the jury. Even if the court could protect against the disclosure of defendant's insurance coverage, there is too much risk that the release issue would improperly and unfairly influence the jury on the other issues of the case. Therefore, I conclude that defendant is entitled to have the validity of the release issue and the trial on the merits heard by separate juries.