## CIRCUIT COURT OF FAIRFAX COUNTY

Robert David Hiett

    v.

Barcroft Beach, Inc., et al.

November 27, 1990

Case No. (Law) 85646

By JUDGE THOMAS J. MIDDLETON

This cause came to be heard upon agreement by all parties to hold an evidentiary hearing and obtain a ruling on whether the plaintiff has shown facts sufficient to take this case to a jury on the issues of constructive fraud, agency, and the applicability of the Recreational Use Statute, Va. Code § 29-130.2 (now codified at Va. Code Section 29.1-509). The defendants have also raised the issue of the statute of limitations as it applies to the allegations of constructive fraud. The facts of this case have been presented in a prior opinion of this Court and will not be recited here.

After considering the allegations in the third amended Motion for Judgment, the evidence presented in court, and the briefs filed by the parties, the Court has determined that there have been sufficient facts presented to warrant submission of the issue of constructive fraud to the jury. The Court holds further that as a matter

of law, the evidence presented does not support an allegation of agency, and also that the Recreational Use Statute is not applicable to relieve the defendants of liability. Finally, the statute of limitations has not been pleaded properly.

Constructive fraud is:

> a breach of a legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests. Neither actual dishonesty of purpose nor intent to deceive is an essential element of constructive fraud.

*Kitchen v. Throckmorton*, 223 Va. 164, 171 (1982) (quoting 37 C.J.S., *Fraud*, § 2-c, pp. 211-12.)

The facts supporting the plaintiff's allegation of constructive fraud are: that Ms. Novins was aware that the form contained a waiver (in fact, testified that she told the plaintiff of this fact); that she placed the form in front of the plaintiff under circumstances which placed a time limitation on him in which to consider it; that she did not tell him that it contained a waiver; that she pressured him into filling it out and signing it; and that she indicated the area in the middle of the form which the plaintiff was to fill out.

Silence may constitute a sufficient misrepresentation to support an allegation of constructive fraud. "If a party conceals a fact that is material to the transaction, knowing that the other party is acting on the assumption that no such fact exists, the concealment is as much a fraud as if the existence of the fact were expressly denied, or the reverse of it expressly stated." *J & D Masonry v. Kornegay*, 224 Va. 292, 296 (1982) (quoting *Clay v. Butler*, 132 Va. 464, 474 (1922)). It has also been held by the Supreme Court of Virginia that "[i]n general, a person is required to speak only when common honesty or fair dealing demand that he do so." *National Airlines v. Shea*, 223 Va. 578, 583 (1982).

The law is well settled that in order to remove the issue of fraud from the consideration of the jury,

the evidence must be "clearly insufficient to support a different conclusion." *Flowers v. Virginia Ry. Co.,* 135 Va. 367, 382 (1923) (cited in *Stallard v. Atlantic Greyhound Lines,* 169 Va. 223, 232 (1937); *Northwestern Nat. Ins. Co. v. Cohen,* 138 Va. 177 (1924)).

Defendant relies upon *First Nat. Exchange Bank v. Johnson,* 233 Va. 254 (1987) for the proposition that Ms. Novins had no duty to alert the plaintiff that the form contained a waiver. That case is factually distinct from the case at bar. It is true that in *First National,* the Supreme Court held that the evidence therein presented was "wholly insufficient to establish the duty necessary to support a finding of constructive fraud against the Bank" as a matter of law. *Id.* at 259. The case involved a party who went to a bank for the admitted purpose of executing a note. While there, she also executed a second note. Upon default on the second note, the party claimed that constructive fraud had occurred because the banker failed to explain to her that she was executing two separate notes. There are two key distinctions between the facts there and those of the case at bar. In *First National,* the defendant was in a business setting where she can be expected to read each form she filled out. Additionally, the defendant knew that she was signing contracts. In contrast, Mr. Hiett signed the release in a social setting and alleges that he was not even aware he was signing a contract.

Whether a duty existed to speak under the circumstances is an issue more properly for the determination of the trier of fact.

Agency is "the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and the agreement by the other so to act." *Allen v. Lindstrom,* 237 Va. 489, 496 (1989). "It is the element of continuous subjugation to the will of the principal which distinguishes the agent from other fiduciaries and the agency agreement from other agreements." *Murphy v. Holiday Inns, Inc.,* 216 Va. 490, 492 (1975) (quoting *Restatement (Second) of Agency* § 1, comment (b)). Actual control is not the test, it is the right to control that is determinative. *Whitfield v. Whittaker Mem. Hosp.,* 210 Va. 176, 181 (1969). When a party acts, there is a presump-

tion that she is acting for herself and not as an agent. The burden is on the party alleging agency to prove the allegations. *Raney v. Barnes Lumber Corp.*, 195 Va. 956, 966 (1954).

The evidence on the issue of agency, viewed in the light most favorable to the plaintiff, is insufficient as a matter of law to overcome the presumption. Plaintiff has testified that Ms. Novins "recruited" him for the triathlon. There are further allegations that Novins was a member of the "informal race committee," but these allegations are wholly unsupported by the evidence, which shows merely that Novins obtained various information regarding triathlons and some participant identification numbers at the request of the organizers of the event.

It is clear to the Court from the evidence that Ms. Novins was merely a participant in the triathlon who desired to arrange a social event for her own enjoyment and the enjoyment of her quests. Novins was not subject to the control of LABARCA, and there is no evidence of a consensual fiduciary relationship. There is insufficient evidence as a matter of law to submit the issue of agency to the jury.

The Court has considered the applicability of the Recreational Use Statute, Va. Code § 29-130.2, and has determined that it is inapplicable to the facts of this case. As discussed in prior opinions of this Court, in order to be shielded from liability for acts of ordinary negligence, a defendant must be a "landowner" within the meaning of the code and also must not have received "consideration for giving another permission to enter upon land."

A "landowner" is defined as "the legal title holder, lessee, occupant or any other person in control of land or premises." Va. Code § 29-130.2(a). The evidence in this case has shown that the lake was owned by BBI and operated, controlled and supervised by BARLAMA. LABARCA argues that because it was controlling the triathlon, it should be given the status of "landowners." The Court disagrees with this contention.

The Recreational Use Statute functions to encourage owners of land to allow the public to use their private land for recreational purposes without the fear that they will be sued for allegedly negligent acts; access to private

property is encouraged by the statute. LABARCA was the sponsor of the triathlon, it did not control access to the lake within the ambit of the statute. LABARCA sought and received permission from BBI and BARLAMA to have the triathlon. BBI or BARLAMA controlled access to the lake. The Recreational Use Statute is not of benefit to the defendants in this case because they are not "landowners."

Further, each "entry form" for the triathlon had to be accompanied by a fee. The defendants allege that the fee was merely to pay the costs of running the event, and not for permission to enter upon the land. The evidence shows that the income produced from entry fees was used to pay for refreshments, trophies, tee shirts, and other costs of the event. However, the evidence has not shown that entrants in the triathlon would have been permitted to compete had they not paid the fee. In fact, it appears that paying the fee was a prerequisite to taking part in the triathlon. LABARCA received consideration and could not take advantage of the Recreational Use Statute even if the court were to consider it a "landowner."

Defendants argue that the plaintiff's claim of constructive fraud constitutes a new cause of action barred by the statute of limitations (defendant's Memorandum Regarding Evidentiary Hearing). None of the defendants specifically pleaded the statute of limitations as a defense in their answers to the third amended Motion for Judgment. Virginia law provides that the bar of the statute of limitations may only be asserted as an affirmative defense in a responsive pleading. Va. Code § 8.01-235; see Commonwealth v. Spotsylvania County, 225 Va. 492 (1983). The statute of limitations may not be argued at this point by the defendants.